IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRUCE CATON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3291 |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE WILSON, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion to dismiss (Filing No. 6). Plaintiff states a desire to dismiss the above-entitled action because he cannot afford the filing fee. Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") makes the plaintiff liable for the entire $250 filing fee once he filed his civil complaint, even if the case is voluntarily dismissed. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997): "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Once the Court grants a prisoner's motion to proceed in forma pauperis ("IFP"), the plaintiff remains liable for the full filing fee, and the fee is collected in installments by the plaintiff's institution under a formula established by Congress. *See* 28 U.S.C. § 1915(b). Accordingly,

IT IS ORDERED:

1) Plaintiff remains liable for the filing fee in this case and his institution will continue to withdraw funds from his inmate trust account when funds become available.

2) Plaintiff may file a pleading on or before January 16, 2006, stating his intent to withdraw his motion to dismiss.

3) If the plaintiff does not file a pleading withdrawing his motion to dismiss by January 16, 2006, the plaintiff's complaint and this action will be dismissed without prejudice.

DATED this 14th day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court